### RUFUS B. BRADFORD *vs.* JONAS C. RICE.

To an action on a judgment recovered, in another state, whose law and practice are not shown to be different from our own, upon a debt provable in bankruptcy, after the debtor had been adjudged a bankrupt under the U. S. St. of 1867, *c.* 176, his certificate of dis-charge in bankruptcy is no defence.

CONTRACT on a judgment recovered against the defendant in the supreme judicial court of New Hampshire. Writ dated January 6, 1869. The answer set up a certificate of discharge in bankruptcy, under the U. S. St. of 1867, *c.* 176.

At the trial in the superior court, before *Brigham*, C. J., it appeared that the defendant was adjudged a bankrupt September 10, 1867; that at that time the debt on which the judgment was recovered existed and was provable in bankruptcy; that the judgment was rendered on October 31, 1867; and that on January 14, 1868, the defendant obtained his discharge in bankruptcy:

On these facts the judge ruled that the certificate of discharge was no defence to the action, and ordered judgment for the plaintiff. The defendant alleged exceptions, which were argued in writing.

*L. W. Pierce*, for the defendant.

*G. H. Whitney*, for the plaintiff.

GRAY, J. The ruling of the court below was in accordance with a series of decisions of this court, by which it has been held that if, after the institution of proceedings in insolvency or bankruptcy, judgment is recovered upon a debt provable under those proceedings, the original debt is merged and extinguished in the judgment, and the judgment is not provable against the estate of the debtor nor discharged by the certificate; and this not merely because such a merger takes effect by the rules of the common law; but because the creditor, by taking judgment, and so changing the form of his debt, and securing to himself the benefit of conclusive and permanent evidence of it, and an extension of the period of limitation of an action thereon, is held, on his part, to have elected to look to the debtor personally, and to abandon the right to prove against his estate; and the debtor, on the other hand, who might have protected himself by moving the court in which the action was pending for a continuance in order to afford him an opportunity to obtain and plead a certificate of discharge, is held, by omitting to make such a motion before judgment, to have waived the right to set up his certificate against the plaintiff's claim; and therefore the rights of both parties must be governed by the judgment which the one has moved for, and the other has suffered to be rendered. *Sampson* v. *Clark*, 2 Cush. 173. *Woodbury* v. *Perkins*, 5 Cush. 86. *Wolcott* v. *Hodge*, 15 Gray, 547.

This rule was established when the continuance of the action in order to enable the debtor to plead his certificate depended only upon the practice of the court. There is even stronger reason for adhering to it under the present bankrupt act of the United States, which contains an express provision that " no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined ; and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge," except in two cases ; the one of unreasonable delay on the part of the bankrupt in endeavoring to obtain his certificate ; the other, of the plaintiff's proceeding to judgment, by special leave of court, for the single purpose of ascertaining the amount due, which may be proved in bankruptcy, in which last case no execution is to issue on the judgment. U. S. St. 1867, c. 176, § 21. Both of these exceptions accord with the practice of the courts of this state in cases arising under the insolvent law. *Barker* v. *Haskell*, 9 Cush. 218, 222. And the last of them is analogous to one which has long existed in our statutes concerning the settlement of insolvent estates of deceased persons. St. 1784, c. 2. *Blossom* v. *Goodwin*, 1 Mass. 502. *Hunt* v. *Whitney*, 4 Mass. 620. Rev. Sts. c. 68, § 19, and commissioners' note. Gen. Sts. c. 99, § 20.

In accordance with the decisions of this court, it has been held by Judge Shipman in the district court of the United States for the district of Connecticut, that a creditor, by taking a judgment in common form after the commencement of bankruptcy proceedings, loses the right to prove in bankruptcy. *In re Williams*, 2 Bankr. Reg. 79. And we have been referred to no opposing decision of the federal courts.

*Haggerty* v. *Amory*, 7 Allen, 458, cited for the defendant, was an action upon a judgment recovered in the courts of New York after the commencement of proceedings in bankruptcy under the bankrupt act of 1841, which contained no such provision as that of the present bankrupt law, above quoted ; and the de-

fendant was allowed to plead his certificate, only because it appeared by the decisions of the New York courts that they did not in practice delay proceedings to allow the defendant to plead it, and therefore consistently held a judgment upon the original debt not to cut off his right to plead it at all.

At the trial of the present case, no evidence was offered that the practice or the decisions in New Hampshire upon this matter differed from our own; and the latest case in the highest court of that state, which was cited at the argument, shows that they are in harmony with ours. *Hollister* v. *Abbott*, 11 Foster, 442.

*Exceptions overruled.*