LEVI C. SMITH & BROTHER, PLAINTIFFS IN ERROR, V.
G. P. KINNEY, DEFENDANT IN ERROR.

1. **Principal and Surety.** The full relation of creditor and debtor arises between principal and surety the moment the surety pays the money.

2. **Bankruptcy.** A decree of discharge in bankruptcy can only be impeached in a direct application for that purpose in the court in which it was granted.

3. ——. A certificate of discharge is sufficient evidence of bankruptcy and of the validity of the proceedings therein.

4. ——: JUDGMENT IN STATE COURT. When a judgment, upon a debt accrued before the institution of proceedings in bankruptcy, is entered in a state court prior to a decree in bankruptcy, the certificate of discharge is conclusive of the discharge, and a bar to further proceedings upon the judgment; and the court will relieve the judgment debtor in such case from an execution afterwards issued thereon.

ERROR from the district court of Colfax county. Tried below before POST, J. The facts of the case appear in the opinion.

*Marlow & Munger* and *C. J. Phelps*, for plaintiffs in error.

If the defendant had the right under the statute of the United States to hold this land as exempt from sale on execution, or otherwise, for the reasons claimed, he has waived that right by not making his claim before judgment and order of sale. *Rector v. Rotten*, and cases there cited, 3 Neb., 171.

It is claimed that because the bankrupt proceedings were commenced before the attachment was levied upon the land the district court did not have jurisdiction to render the judgment against the land in question. The land was not taken possession of by the assignee—in fact as appears from the record it belonged to the de

fendant first, last, and all the time. It never was accounted for as part of the assets. Had the attachment been levied upon property in the hands of the assignee in bankruptcy, and that fact had been made to appear before judgment and order of sale had been entered, it would have been different. This land remained the absolute property of the bankrupt unaffected by any bankrupt proceedings.

If this land was exempt, either under a statute of the state or a statute of the United States, from sale on execution or attachment to satisfy debts which the defendant owned at the time he commenced the bankrupt proceedings it could not be included in his assets without his consent; if it was included he could have it set off to him. We know that it was not included in his assets; for what reason it was left out we don't know. The land was not affected by the bankrupt proceedings. *Robinson v. Wilson*, 15 Kan., 595. This land was not in any way connected with the bankrupt proceedings, but was held by the defendant the same as if no proceedings in bankruptcy had ever been been commenced, and while so owned it was attached and sold. Can it make any difference whether the attachment was levied upon the land before or while the bankrupt proceedings were pending? Certainly not, because the land did not in any way enter into these proceedings. *Brown v. Gibbons*, 37 Iowa, 654. *McKay v. Funk*, Id., 661.

This was an action *in rem.;* the attachment gave the court jurisdiction. The judgment of the court is conclusive and can not be attacked in the manner here adopted. It is immaterial whether or not at the time the judgment was rendered bankrupt proceedings were pending; whether or not the attachment was commenced before or after bankrupt proceedings had been commenced; whether or not the defendant at the time this suit was commenced had a final discharge or obtained a final dis-

charge after the order of sale was in fact made. If the land was exempt for any reason known to the law it is immaterial at this stage of the proceedings. *Rector v. Rotten*, 3 Neb., 171. *Fellows v. Hall*, 3 McLean, 281. *Bank of Missouri v. Franciscus*, 15 Mo., 304. *Johnson v. Fitzhugh*, 3 Barb. Ch., 361. *Cornell v. Dakin*, 38 N. Y., 253.

*William O. Bartholomew*, for defendant in error.

Where a judgment was obtained, and the judgment debtor afterwards obtained his discharge in bankruptcy, and after the discharge was granted an execution was issued and levied on his property, the court summarily set the execution aside on motion. *Curtis v. Slosson*, 6 Pa St., 265. *Cogburn v. Spence*, 15 Ala., 549. Kinney's discharge released him "from all debts, claims, liabilities, and demands which were, or might have been, proved against his estate in bankruptcy." Sec. 34, act of 1867. Sec. 5119, Rev. Stat. of U. S., 993. The only provable debts not discharged are debts created by the fraud of the bankrupt; debts created by the embezzlement of the bankrupt; debts created by his defalcation as a public officer; debts created by the bankrupt in a fiduciary character. It is not claimed that the debts due the plaintiffs fall in any of these classes. It was simply for money paid for the use of Kinney. This was its character on the twelfth day of April, 1876, the day he filed his petition, as well as the day he was adjudicated a bankrupt. According to the provisions of the bankruptcy act, a bankrupt's discharge is conclusive evidence of itself of his discharge from all debts, contracts, and other engagements existing at the time of such discharge. *Thornburg v. Madren*, 33 Iowa, 380. *Morrison v. Woolson*, 29 New Hamp., 510.

The discharge in bankruptcy is the judgment of the

court, and stands upon the footing of other judgments. Opportunity is afforded to contest it. If not availed of in the mode, within the time, and in the court allowed, all remedy to annul it is cut off. The jurisdiction of the state court does not extend so far as to admit of a direct attack upon the validity of it. *Oorrey v. Riply,* 57 Me., 69. *Smith v. Ramsay,* 27 O. St., 339. *Stevens v. Bowen,* 34 Miss., 597. *Alston v. Robinett,* 37 Tex., 56.

GANTT, J.

On the the twelfth day of April, 1876, the defendant made application to the district court of the United States, for the northern district of the State of Illinois, to be discharged as a bankrupt, and for a certificate of discharge from all his debts provable under the act of congress establishing a uniform system of bankruptcy. On the fifth day of October, 1876, he was by the order and decree of that court forever discharged from all debts and claims provable against his estate which existed on the twelfth day of April, 1876. During the pendency of these proceedings in bankruptcy, the plaintiffs commenced action in the district court of Colfax county, state of Nebraska, by publication of notice and attachment against the defendant, upon three several notes —one of which matured in the month of October, 1873, one in March, and the other in April, 1874. Upon two of these notes the plaintiffs were sureties for defendant, and they allege in their petition that, on the first day of February, 1875, they were compelled to pay the full amount of one of said notes, and that on the fifth day of April and on the fifteenth day of July, 1875, they were compelled to pay a part of the other note as such sureties of the defendant. On the twenty-eighth day of September, 1876, on motion of plaintiffs the default of the defendant was entered in said action, and judgment

was rendered for the amount claimed in their petition. On the nineteenth day of October, 1876, defendant filed in this cause a certified copy of his certificate of discharge in bankruptcy. On the eighteenth day of December his land, entered by him as a homestead under the act of congress, was sold by the sheriff upon an order of sale issued in the case. On the twenty-fourth day March, 1877, defendant filed his motion for a perpetual stay of execution on the ground that he was discharged in bankruptcy subsequent to the entry of the judgment, and as appears by the record, on the same day he filed a separate motion to set aside the sale for the same and other reasons. By order of the court the sale was set aside, and this decision of the court constitutes the error complained of.

The only question we deem necessary to consider is, whether, by virtue of the decree in bankruptcy and the certificate of discharge, the defendant is discharged from the debt upon which the judgment was entered against him in this action. It was contended in the argument for the plaintiffs, that the certificate did not release him from the payment of the debt paid by the plaintiffs as his sureties, for the reason that the liability of a principal to indemnify the surety for money paid, where there is no express promise, does not arise from the contract of suretyship. Whether this proposition correctly states the rule of law incident to principal and surety it is not necessary now to inquire, and in respect to it we express no opinion. We think it may be laid down as a rule of law, which will not be questioned, that the full relation of debtor and creditor arise between principal and surety the moment the surety pays the money. Now according to the facts stated in their petition, the plaintiffs, as sureties, paid the money long before the proceedings in bankruptcy were instituted by the defendant; and as the defendant then became the debtor of the plaintiffs

in the full sense of the term, and as this debt was provable under the bankrupt act of congress, the proposition urged by the counsel of plaintiffs does not apply to the facts of this case.

Again, it was urged that the certificate of discharge should be disregarded in this case on the alleged ground of a failure to insert in the schedule of creditors the amount paid by plaintiffs as sureties, as a debt due to them, and also for the reason that the plaintiffs deny having received notice of the proceedings in bankruptcy. The record, however, shows that the amount so paid by the plaintiffs is included in the schedule as debts, severally due to the payees of the notes sued on, and also that due publication of notice was made in the bankruptcy case. But suppose the omissions had occurred as alleged, can the certificate of discharge be impeached in a state court? Section 34 of the bankrupt act provides that 'any creditor or creditors of said bankrupt, whose debt was proved or provable against the estate in bankruptcy, who shall see fit to contest the validity of said discharge, on the ground that the same was fraudulently obtained, may at any time within two years from the date thereof apply to the court which granted it to set aside and annul the same;" and in *Sandusky & C. R. R. Co. v. Sloan*, 27 Ohio St., 341, it is said that "the act itself having thus prescribed the forum, mode, and time for the direct impeachment of the discharge, on the ground of fraud in obtaining it, the remedy thus given is exclusive." And if the remedy given in the court which granted the discharge is exclusive, then it seems clear that for the omission or commission of any matter particularly set forth in section twenty-nine, the validity of the discharge must be contested in that court and no other. *Symonds v. Barnes*, 59 Me., 192. *Corey v. Ripley*, 57 Me., 69. *Burnside v. Brigham*, 8 Metc., 77. *Parker et al. v. Atwood*, 52 N. H., 181. *Black v. Blazo*,

117 Mass., 17. *Way v. Howe*, 108 Mass., 502. *Ocean National Bank v. Olcott*, 46 N. Y., 12. *Stevens v. Brown*, 49 Miss., 597.

Again, with the exception of some debts, mentioned in section thirty-three, the bankrupt act provides "that a discharge duly granted shall release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved against the estate in bankruptcy, * * * and the certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge." Here the act itself makes the order of discharge conclusive evidence of bankruptcy and of the validity and regularity of such discharge; and therefore, after publication of notice, the discharge is a good bar to all claims of creditors which were or might have been proved under the bankrupt act. And in *Thornton v. Hogan*, 3 Central L. J., 729, a case decided in the supreme court of Missouri, it is said that a proceeding under the bankrupt act "is certainly more analogous to a proceeding *in rem* in an admiralty court than to any of the ordinary proceedings in common law or chancery, and it seems to have been designed for the purpose, doubtless supposed to promote the public interests, that the final adjudication should be a bar to all creditors, whether their claims were proved or not, or whether they were in the schedule or not, or whether they were really notified of the proceedings or not"—unless for some act or omission, which was the result of fraud on the part of the debtor, and not the result of forgetfulness, accident, or mistake, one or more creditors shall see fit to contest the validity of the discharge and apply to the court which granted it to set aside and annul the same. *Stevens v. Mechanics Bank*, 101 Mass., 109. *Knabe & Co. v. Hayes*, 71 N. C., 110. *Downer v. Dana*, 22 Verm., 339. *Pattison v. Wilbur*, 10 R. I., 448. *Rayl Adm. v. Lapham*, 27 Ohio St., 452. Now, in the

The State, ex rel. Clark v. Buffalo County.

case under consideration as the action was commenced and judgment was entered during the pendency of proceedings in bankruptcy, the defendant could not plead his discharge, because that case was then undecided, and his certificate was subsequent to the rendition of the judgment; and a personal service on him would have placed him in no better or worse position, ánd therefore he could only await the determination of the bankrupt proceedings and the granting of the certificate of discharge.

Therefore, according to the exposition of the law as given in this opinion, there can be no doubt that the debt upon which the judgment was rendered was discharged by the defendant's bankruptcy, and therefore, as his certificate is conclusive of discharge, the court will relieve him summarily, by setting aside the sale and quashing the execution. *Curtis v. Slosson*, 6 Pa. St., 265. *Johnson v. Fitzhugh*, 3 Barb. Ch., 360. *Betts v. Bagley*, 12 Pick., 581.

The order of the court below setting aside the sale is affirmed.

AFFIRMED.