JAMES HUNTINGTON *vs.* WILLIAM A. SAUNDERS & trustee.

Suffolk. March 20, 1896. — May 20, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Contract — Discharge in Insolvency as Bar to a Judgment — Waiver of Defence — Instructions.*

In general, a discharge in bankruptcy is a bar to a judgment entered after the commencement of the bankruptcy proceedings, and upon a claim provable in such proceedings.

In an action to recover the amount of a judgment, it cannot be said, as matter of law, that the defendant has waived the defence of a discharge in bankruptcy, if a former agreement for continuance for judgment to a future term was not an agreement that judgment should at all events be entered at that term, and was consistent with the understanding that the question whether judgment should be entered should then be decided and for whom it should be rendered, if the whole evidence would justify a finding that neither the defendant nor his attorney consented to the judgment or knew of it until after the suit was begun, and if the hearing upon the plaintiff's objection to the defendant's discharge in bankruptcy was after the entry of the judgment.

A request for a ruling, which assumes as facts matters which were not necessary inferences from the evidence and which it does not appear were found as facts by the Superior Court, is rightly refused.

In an action to recover the amount of a judgment, the defence to which is a discharge in bankruptcy, a request for a ruling "that the discharge was not obtained within a reasonable time, so that the State court was entitled to proceed to judgment, and such judgment ought to be final," is rightly refused, if from the evidence the Superior Court was not bound to find that there was "unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge."

CONTRACT, to recover the amounts of two judgments, the defence to which was a discharge in bankruptcy. Trial in the Superior Court, without a jury, before *Mason*, C. J., who ruled that the discharge was a bar to the actions, and found for the defendant. The plaintiff alleged exceptions, the nature of which appears in the opinion.

*J. Huntington, pro se.*

*W. B. Durant,* for the defendant.

BARKER, J. A petition in bankruptcy was brought against the defendant Saunders on July 13, 1875. On August 17, 1875, two suits upon promissory notes were brought against him by the present plaintiff. On October 1, 1875, the defendant was adjudi-

cated a bankrupt, and on November 4, 1875, the plaintiff proved in bankruptcy the notes sued on August 17, 1875. The bankruptcy was suggested in the actions, and they were from time to time continued until July 3, 1877, when the defendant's default was entered in each action. On July 6, 1877, an agreement of counsel was filed, reciting that " the above entitled cases, which have been defaulted the present term. (June term, 1877), may be continued for judgment to September term, 1877." Judgment for the plaintiff was entered in each action on October 9, 1877, the last day of the September term, and these judgments are now sued upon. Execution was never taken out, no demand was ever made, and no step, except the bringing of this suit, has been taken to enforce either of the judgments.

On April 2, 1875, the defendant fell ill at his place of business, was carried home, and remained for twelve or fourteen years sick with a disease of the brain, in a condition which required all business to be kept from him. On May 7, 1875, he gave a general power of attorney to his son, and in July, 1875, he knew that he was pressed into bankruptcy. On July 19, 1876, application for his discharge in bankruptcy was made; the order to show cause was returnable May 25, 1877, and on June 4, 1877, the present plaintiff filed objections to the granting of the discharge. On February 23, 1878, an order was entered for the objecting creditor to take out a reference to the register on or before March 4, 1878, and to proceed with the hearing immediately thereafter; and the hearing did proceed, and was closed. From the year 1878 to the year 1893 nothing was done by either party regarding the discharge, the objections to the discharge, or the judgments now in suit. On May 19, 1893, the present suit was begun. On December 23, 1893, the plaintiff's objections to the granting of a discharge were dismissed for want of prosecution, and on December 30, 1893, the defendant's discharge in bankruptcy was granted, and it was pleaded in the present action on December 1, 1894. The register made no report of his finding on the objections to the discharge, and in the year 1893 he returned all the papers to the clerk's office. He testified in substance that he did not dispose of the matter because he was not urged to dispose of it. Of thirteen material witnesses called by the present plaintiff to testify at

the hearing on the objections, but two were living when this suit was begun. The evidence tended to show that neither the defendant nor his counsel knew that the judgments of October 9, 1877, had been entered, until after this suit was begun.

The Superior Court, sitting without a jury, found for the defendant. The court ruled that the discharge in bankruptcy is a bar to the action, and refused to give five rulings asked by the plaintiff. The case comes here upon the plaintiff's exception to the ruling given, and to the refusal to rule in accordance with certain requests. The evidence is stated in the bill of exceptions.

The first request for a ruling, " That upon the facts and circumstances of this case the discharge in bankruptcy is not a bar to this action on the judgments entered after the proceeding in bankruptcy was commenced," and the ruling given, " that, notwithstanding the facts and proof above shown, the discharge is a bar," we consider together, and regard them as raising the general question whether a discharge in bankruptcy is a bar to a judgment entered after the commencement of the proceedings in bankruptcy, and upon a debt provable in those proceedings.

It was long since decided by this court that a discharge in insolvency under our own statutes is not a bar to an action upon a judgment obtained after the commencement of the insolvency proceedings, and upon a demand provable in those proceedings, and we have applied the same doctrine to a discharge in bankruptcy. See *Bradford* v. *Rice*, 102 Mass. 472, and cases cited. But upon all questions as to the effect of the bankrupt laws of the United States, the decisions of the Supreme Court of the United States are of paramount authority, and in *Boynton* v. *Ball*, 121 U. S. 457, the Supreme Court of the United States has decided that a debt provable in bankruptcy, although merged into a judgment entered after the commencement of the bankruptcy proceedings, still remains the same debt on which the action was brought and which was provable in bankruptcy, and that such judgments are discharged by the debtor's discharge in bankruptcy. The effect of this decision is to overrule our own decisions, so far as they differ from it in respect to the effect of discharges in bankruptcy; and since the decision in *Boynton* v. *Ball* the law of Massachusetts is that, in general, a

discharge in bankruptcy is a bar to a judgment entered after the commencement of the bankruptcy proceedings, and upon a claim provable in such proceedings.

The second request was that the defendant had waived the defence of discharge in bankruptcy, and in this connection the agreement filed on July 6, 1877, is particularly relied on. In our opinion, the Superior Court was not required, as matter of law, to find upon the evidence that the defendant had waived the defence of discharge in bankruptcy. The agreement for continuance for judgment to a future term was not an agreement that judgment should at all events be entered at that term, and was consistent with the understanding that the question whether judgment should be entered should then be decided, and for whom it should be rendered. The whole evidence would justify a finding that neither the defendant nor his attorney or counsel consented to the judgments, or knew of them until after this suit was begun. The hearing upon the plaintiff's objection to the defendant's discharge in bankruptcy was after the entry of the judgments. The second request was, therefore, rightly refused.

The third request, "That the defendant is estopped to set up his discharge in bankruptcy in this action, because it was obtained by misleading the creditor until his position had wholly changed, and he had become unable to resist the proceedings to obtain the discharge," was rightly refused, because it assumed as facts matters which were not necessary inferences from the evidence, and which it does not appear were found as facts by the Superior Court.

The fourth request, "That the discharge was not obtained within a reasonable time, so that the State court was entitled to proceed to judgment, and such judgment ought to be final," was properly refused. From the evidence, the Superior Court was not bound to find that there was "unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge." U. S. Rev. Sts. § 5106.

The fifth request, "That the discharge was obtained under circumstances so unreasonable and fraudulent that by the principles and policy of law it ought not to bar the judgments," was also rightly refused, because it assumed as facts matters which are not necessary inferences from the evidence.

In overruling the plaintiff's exceptions upon the grounds stated, we intimate no opinion upon the effect to be given to the consent of a bankrupt to an entry of judgment in a suit upon a demand provable or proved against him in the bankruptcy proceedings; nor upon the effect of a discharge obtained by misleading the creditor, or obtained unreasonably or fraudulently, or when there has been unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge. See *Davis* v. *Wakelee*, 156 U. S. 680. *Exceptions overruled.*