MARK EMERY, and another, Appellants.

Somerset.    Opinion February 15, 1897.

*Insolvency.    Proof of Debt.    Judgment.    Bankruptcy.    R. S., c. 70, § 25.*

If, after proceedings in insolvency have been instituted, judgment is recovered upon a debt provable under those proceedings, the original debt is thereby merged in the judgment, so far as to defeat any claim for an allowance under it against the insolvent estate.

The judgment is not provable against the estate of the debtor, because it did not exist at the time of the commencement of insolvency proceedings.

The original claim ceased to be provable, because it was extinguished by the judgment, so far as to defeat any allowance under it.

The court observes that, for constitutional reasons, a different rule applies in bankruptcy under the decisions of the Supreme Court of the United States, as laid down in *Boynton* v. *Ball*, 121 U. S. 457, and which holds that such a judgment is barred by a discharge in bankruptcy.

AGREED STATEMENT.

*A. Simmons*, for appellants.

*S. J. and L. L. Walton*, for appellees.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER, J. The appellants on December 6, 1889, brought suit in this court on a claim due them from Leonard H. Walker, who was afterwards, on March 18, 1890, adjudged insolvent on petition of his creditors by the insolvent court of Somerset county.

The appellants proved their claim in the insolvency court April 8, 1890, in accordance with § 25, c. 70, R. S.

Walker's discharge was denied in the insolvency court, September 12, 1891.

Judgment was rendered in the original suit in this court at the September term, 1892, and execution issued thereon for the full amount of the appellants' claim.

In July 1895, before any dividend was declared, the creditors of Walker filed objections to the claim of the appellants in the

insolvency court, on the ground that the appellants had recovered judgment on this claim in the Supreme Judicial Court subsequent to the commencement of insolvency proceedings.

Those objections were sustained, and an appeal taken to this court.

We think the objections were properly sustained, and the ruling of the court below correct. It was in accordance with a series of decisions by which it has been held that if, after proceedings in insolvency have been instituted, judgment is recovered upon a debt provable under those proceedings, the original debt is thereby merged in the judgment, so far as to defeat any claim for an allowance under it against an insolvent estate, and the judgment is not provable against the estate of the debtor, because it did not exist at the time of the initiation of insolvency proceedings. *Sampson* v. *Clark*, 2 Cush. 173; *Bradford* v. *Rice*, 102 Mass. 472; *Wyman* v. *Fabens*, 111 Mass. 77, 80; and if recovered after the first publication of notice of issuing the warrant, it will defeat the proof of the original debt. *Sampson* v. *Clark*, supra; *Wyman* v. *Fabens*, supra. And the original claim ceased to be provable, because it was extinguished by the judgment, so far as to defeat any claim for allowance under it.

The creditor by proceeding to take judgment has changed the form of his debt and secured the benefit of conclusive evidence of it, as well as an extension of the period of limitation thereon, and is thereby held to have elected to abandon his right to prove the claim against the estate, and to look to the debtor personally for the collection of his judgment.

It must be borne in mind that this claim was one that arose after the enactment of the insolvent law, and therefore the reasoning applied in *Ross* v. *Tozier* and *Wilson* v. *Bunker*, 78 Maine, 312, 313, in reference to imparing the obligation of contract, has no application here, for in those cases the contracts were in existence at the time of the passage of the insolvent law.

Nor do we go further than to hold the doctrine herein enunciated applicable to insolvency proceedings under the insolvent law of this State, and not to proceedings under the bankruptcy law of

the United States. A different rule might be held to apply in such case, and for constitutional reasons, as stated in *Boynton* v. *Ball*, 121 U. S. 457, where the Supreme Court of the United States has decided that a debt provable in bankruptcy, although merged in a judgment entered up after the commencement of bankruptcy proceedings, still remains the same debt on which the action was brought, and that such a judgment is discharged by the debtor's discharge in bankruptcy. And the very recent case of *Huntington* v. *Saunders*, 166 Mass. 92, is to the same effect, holding that a discharge in bankruptcy is a bar to a judgment entered after the commencement of the bankruptcy proceedings, upon a claim provable in such proceedings, and thereby modifying the previous decisions in that State so far as they differ from it in respect to the effect of discharges in bankruptcy.

In the case at bar no discharge was ever obtained in the insolvent court. The appellants having presented their claim in the insolvent court, it became subject to the jurisdiction of that court, and the evidence of indebtedness should not have been withdrawn to form the basis of a judgment in the other court until the amount of the dividend had been ascertained, paid and indorsed thereon. The action in the Supreme Court could have been continued for judgment until the dividend had been declared and paid. But by withdrawing the evidence of indebtedness, or taking judgment upon the same in full in the Supreme Court, after commencement of proceedings in insolvency (*Sampson* v. *Clark*, supra) the claim was merged in that judgment, and thereby the appellants must be held to have waived their rights in the insolvent court, and cannot have judgment in both courts, for the reasons hereinbefore stated.

*Appeal dismissed with costs.*