## J. O. CAVANAUGH v. SIMPSON S. FENLEY.[1]

May 19, 1905.

Nos. 14,266—(75).

**Liens Obtained Against Person Adjudged Bankrupt.**

Section 67, subd. f, of the Bankruptcy Act of 1898, providing that "all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt," applies to both voluntary and involuntary proceedings against the debtor.

**Garnishment.**

A garnishment of funds belonging to an insolvent person within four months of the time he is adjudged a bankrupt is, within the meaning of the bankruptcy act, dissolved and rendered null and void by the bankruptcy proceedings, and this result follows notwithstanding the insolvent person made no reference in his schedule of assets to the fact that the indebtedness had been garnished.

**Judgment against Bankrupt.**

A judgment entered against an insolvent person after he is adjudged a bankrupt, and before his final discharge in the bankruptcy proceedings, upon a provable claim existing at the time he was adjudged a bankrupt, and from liability for the payment of which he was relieved by his discharge, is cancelled and annulled by such discharge, and the bankrupt has the absolute legal right, after obtaining his discharge, if he proceeds with reasonable diligence, to have execution upon the same perpetually stayed.

Action in the municipal court of St. Paul to recover $167 for medical services, the Chicago Great Western Railway Company being garnished and disclosing an indebtedness to defendant of $139.35. Judgment by default upon a substituted service of summons was entered against defendant. From an order, Finehout, J., denying a motion to vacate the judgment and to restrain further proceedings thereon on the ground that he had received his discharge in bankruptcy instituted on his voluntary petition filed within four months after the commencement of the action, defendant appealed. Reversed.

[1] Reported in 103 N. W. 711.

*J. M. Hawthorne* and *Lloyd Peabody*, for appellant.

*D. J. Keefe*, for respondent.

BROWN, J.

The facts material to the questions controlling the decision in this case are as follows: The action was commenced in the municipal court of St. Paul on August 14, 1903. Defendant being a nonresident, summons was served upon him by publication. The garnishee summons was served upon the garnishee, and it appeared by its attorney at the time specified therein, August 25, 1903, and disclosed that it was indebted to defendant in the sum of $139.35. It also, in connection with and as a part of the disclosure, stated that defendant was a married man, and resided in the state of Iowa. On September 17, 1903, within the period of four months from the commencement of the action, defendant was on his own petition adjudged a bankrupt by the United States District Court for the Northern District of Iowa. Such proceedings were thereafter had in that court that he was on March 9, 1904, duly discharged. Defendant scheduled and disclosed the indebtedness due him from the garnishee in the bankruptcy proceedings, and claimed the same as exempt under the laws of the state of Iowa, where he resided. No nonexempt property being disclosed by the bankrupt, no trustee of his estate was appointed, but the proceedings in bankruptcy were in all things regular, and his discharge in accordance with the bankruptcy act. On October 1, 1903, default judgment was entered against defendant, but no judgment was entered against the garnishee until June 11, 1904, and after defendant's discharge had been issued to him.

Defendant moved the court below for an order discharging the garnishment and releasing to him the money held thereunder, and for an order perpetually enjoining further proceedings on the judgment in the main action, or that it be vacated and defendant permitted to answer, setting up his discharge in defense. The motion was denied, and defendant appealed.

The record presents two principal questions: (1) Whether the garnishment proceedings were dissolved by operation of law by the bankruptcy proceedings; and (2) whether the court erred in denying the motion perpetually to enjoin collection of the judgment against defend-

ant. If these questions be answered in the affirmative, the order appealed from must be reversed.

1. Section 67, subd. f, of the Bankruptcy Act of July 1, 1898, c. 541, 30 St. 565 [U. S. Comp. St. 1901, 3450], provides:

> That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien, shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt.

There is no ambiguity in this provision of the act, and it would seem to require no discussion to demonstrate that it means what its plain language imports. But it is urged by plaintiff that it has no application to the case at bar, for the reason that defendant became a voluntary bankrupt; that, as the bankruptcy proceedings were initiated and conducted to a conclusion on his voluntary petition, the case does not fall within the scope or purpose of the section, construed in connection with the whole act. In other words, his contention is that this provision of the law applies solely to involuntary bankrupts. Several cases in the United States District Court are cited to sustain this contention. In re Delue (D. C.) 91 Fed. 510; In re Easley (D. C.) 93 Fed. 419; In re O'Connor (D. C.) 95 Fed. 943. They fully bear out respondent's contention; but, it seems to us, they are at variance with the whole purpose and object of the bankruptcy act, and should not be followed. The contrary rule was laid down by the United States Circuit Court of Appeals, Seventh Circuit, in Re Richards, 96 Fed. 935, 37 C. C. A. 634. It was there held that the section of the bankruptcy act above quoted, properly construed, applied to voluntary as well as involuntary cases; the decision being based in part upon section 1, subdivision 1, of the act of July 1, 1898, c. 541, 30 St. 544 [U. S. Comp. St. 1901, 3418], which provides that a person "against" whom a petition has been filed shall include a person who has filed a voluntary petition.

We think this decision, which is well considered, and by a court higher in authority than the federal District Court, settles the law on

this subject, and must be our guide in disposing of the case at bar. To sustain plaintiff's contention would open the door to gross frauds. If this provision of the act were to be held inapplicable to cases of voluntary bankruptcy, it would facilitate the efforts of insolvent persons to make preferences and prevent a fair distribution of their property among all their creditors. A person in contemplation of bankruptcy proceedings could induce a number of his creditors, whom he chose to prefer, to bring actions against him, attach and levy upon his property, thereafter file a petition in bankruptcy, and thus secure to them an unfair advantage—a condition the bankruptcy act intended to provide against. We adopt the view that this provision of the act, properly construed, applies to both voluntary and involuntary cases, and that the learned trial court erred in ordering judgment against the garnishee for the indebtedness owing from it to defendant. The garnishment proceedings were, as a matter of law, rendered null and void by the judgment of the United States court adjudging defendant a bankrupt, and the effect and operation of the law was not changed by the failure of defendant, in his schedule of assets, to disclose the fact that the indebtedness had been garnished. The indebtedness to him was disclosed, and he asserted a claim of exemption thereto under the statutes of Iowa.

2. The second question presented is whether the court below erred in denying the motion perpetually to enjoin further proceedings on the judgment, or vacate it for the purpose of enabling defendant to answer and defend in the action. As heretofore stated, the action was commenced before defendant filed his petition in bankruptcy, within the period of four months from that time, but the judgment was rendered against him subsequently, and long before he obtained his discharge. He, therefore, was in no position, and had no opportunity, to set up his discharge in defense, and the record before us discloses that he applied to the court below to obtain the benefits thereof within a reasonable time after he secured it. The discharge was issued to him on March 9, 1904, and, from the 24th of that month until the final hearing on the motion here under review, he was before the court below at different times, on various motions seeking to effectuate his discharge. A discharge in bankruptcy releases the bankrupt from all liability for debts existing at the time he was adjudged a bankrupt,

except certain classes of debts, to which the debt here in question does not belong—a result of which the bankrupt cannot rightly be deprived. If an action be brought against him upon a claim existing at the time he was adjudged a bankrupt, his discharge, properly pleaded, is a complete defense, and it should not be in the power of a creditor to nullify the objects, purposes, and results of proceedings under the bankruptcy act by causing judgment to be entered before the bankrupt receives his final discharge. The debt here under consideration existed at the time defendant filed his petition in bankruptcy, was provable in the bankruptcy court, and its character was in no way changed by the entry of the judgment. It remained the same debt, changed only in form.

It is true that defendant could have obtained from the court below a stay of proceedings, in the action in which the judgment was rendered, pending the administration of his estate in the bankruptcy court, but his failure in this respect is not fatal to his right to insist that effect be given to his discharge, nor does it matter that he made a general appearance in that action before or after the entry of the judgment; his release is just as effectual.

This precise question has been before the courts of other states and before the supreme court of the United States under the old bankruptcy act, which, in the respects here under consideration, was the same as the present act, and relief was awarded to the bankrupt similar to that here applied for. In Boynton v. Ball, 121 U. S. 457, 7 Sup. Ct. 981, the court had before it a case substantially like that at bar, and it was held that the judgment entered against the bankrupt after he was adjudged a bankrupt, and before his discharge, was canceled and annulled by the final discharge. It was so held in Huntington v. Saunders, 166 Mass. 92, 43 N. E. 1035; Sanderson v. Daily, 83 N. C. 67; Blair v. Carter, 78 Va. 621. It has also been held by many of the authorities that in such cases the bankrupt may have from the court rendering the judgment an order perpetually staying execution on the judgment, even though no stay of proceedings in the action was obtained pending the proceedings in the bankruptcy court. Palmer v. Hussey, 119 U. S. 96, 7 Sup. Ct. 158; Palmer v. Hussey, 87 N. Y. 303; Smith v. Kinney, 6 Neb. 447; Leonard v. Yohnk, 68 Wis. 587, 32 N. W. 702.

The rule laid down in these cases harmonizes with the purpose of the bankruptcy act, and gives force and effect to the discharge of the

bankrupt, and we apply it in the case before us. It follows that the learned court below erred in refusing a perpetual stay of execution upon the judgment, there being no question but that defendant was by his discharge released from liability for the debt upon which it was founded.

It is unnecessary to consider whether the indebtedness due from the garnishee was exempt to defendant under the statutes of the state of Iowa; that is not a controlling question. Whether exempt or not, plaintiff has no legal or valid claim against it. The garnishment by which it was held was dissolved when defendant was adjudged a bankrupt, and he was released from liability to plaintiff for the indebtedness due him by his final bankruptcy discharge, so that plaintiff has neither the garnishment nor a claim against defendant upon which to base a right to contest the asserted exemption.

Order reversed.