Benjamin B. Morris, Appellant, v. Samuel C. Levin and Belle Levin, Defendants. Samuel C. Levin, Appellee.

Gen. No. 40,636.

Opinion filed November 27, 1939.

DAVID I. SPARK, of Chicago, for appellant.

DWORK & EPTON, of Chicago, for appellee; JACK E. DWORK and SAUL A. EPTON, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

June 22, 1938, judgment by confession was entered in the municipal court of Chicago in favor of plaintiff and against the defendants for $883.15, which was the amount due with interest and attorney's fees on a real

estate gold bond executed by the defendants and owned by plaintiff; defendant Samuel Levin pleaded that he had been discharged in bankruptcy October 8, 1934, upon his petition filed in the United States District Court for the Northern District of Illinois in case No. 55,712; the municipal court sustained his motion for a permanent stay of execution, and plaintiff appeals.

June 24, two days after the judgment by confession was entered, defendant Levin moved in the United States District Court for an order restraining the issuance of an execution, but this motion was subsequently withdrawn and in lieu thereof he filed his motion September 16, 1938, in the municipal court for a permanent stay of execution. In this petition he set forth the bankruptcy proceedings in the district court in due form; that he scheduled his liability on the real estate bond in question and set forth his discharge in the bankruptcy proceeding on October 8, 1934. No execution was issued on the judgment obtained by plaintiff. Counter-affidavits were filed by plaintiff in the municipal court and after several continuances, on October 26, 1938, defendant's motion was sustained and a permanent stay of execution ordered.

Plaintiff's entire brief discusses the alleged negligence of the defendant in failing to take the necessary steps to vacate the judgment within the proper time. He asserts that defendant was guilty of laches in failing to present his petition within the statutory period of 30 days. The briefs of both parties are devoted largely to the question of the time required in the municipal court after judgment has been entered for defendant to move to vacate it or open it up. We hold that the practice in such a case is not relevant to the present situation. The applicable provisions of the Bankruptcy Act are sections 25(a) and 35(a).

"The bankrupt shall . . . (8) . . . file . . . a schedule of his property, . . . and a list of all his

creditors . . . showing their residence, if known, or if unknown that fact to be stated . . . ." (11 U. S. C. A. Sec. 25[a].)

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts whether allowable in full or in part, except such as . . . (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, . . . ." (11 U. S. C. A. Sec. 35[a].)

There is no denial but that defendant duly and in proper form scheduled in the bankruptcy proceeding the liability to plaintiff by reason of the note in question. Therefore, when the order of discharge was entered in the bankruptcy court on October 8, 1934, it took effect upon its entry and defendant's liability upon the note was discharged. In *Glick v. Wallach*, 301 Ill. App. 600 (Abst.), opinion filed in this court June 30, 1939, where the schedule filed in the bankruptcy proceedings was in form like that in the present case, we held that a discharge in bankruptcy discharged the indebtedness. The statutory regulations or rules of the municipal court touching the time within which motions to vacate a judgment should be made, are not applicable. The order of discharge nullified any liability of defendant arising out of the note. The power to confess judgment was at the same time invalidated and there was no judgment against the defendant which required prompt action on his part to obtain a stay of execution.

In *Monroe v. Upton*, 50 N. Y. 593, the defendant did not receive his discharge in bankruptcy until almost six months after the entry of judgment against him; he made no move for any stay of execution until almost three years after the discharge in bankruptcy when plaintiff caused an execution to be issued upon his judgment; defendant then moved for a perpetual stay of execution, which was granted. The court held this was the proper practice, as defendant had no oppor-

tunity to plead his discharge until some creditor had attacked him.

The defendant in the present case had no opportunity to plead his discharge in bankruptcy before plaintiff obtained his judgment by confession and the only circumstances which would justify the opening up of the judgment and setting the cause for trial would be a showing of fraud or some other ground tending to impeach the validity of the order of discharge in bankruptcy. The bankruptcy proceedings are not questioned. Other cases holding that a discharge in bankruptcy is a final discharge of liabilities are *Boynton v. Ball*, 121 U. S. 457; *Huntington v. Saunders*, 166 Mass. 92; *Sanderson v. Daily*, 83 N. C. 67; *Blair v. Carter's Adm'r*, 78 Va. 621; *Palmer v. Hussey*, 87 N. Y. 303; *Smith & Bro. v. Kinney*, 6 Neb. 447 and *Leonard v. Yohnk*, 68 Wis. 587.

For the reasons indicated the order of the municipal court is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.