**Tower Finance Corporation, Plaintiff-Appellant, v. Blowers Knight, Defendant-Appellee.**

Gen. No. 68–157.

Second District.

July 22, 1969.

Redman, Shearer and O'Brien, of St. Charles, for appellant.

Solomon Sachs, of Chicago, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

On October 18, 1966, judgment by confession was entered pursuant to a power of attorney included in a note executed by the defendant on January 20, 1966, payable to Tower Finance Corporation. On October 26, 1966, the defendant was served with summons to confirm the confession judgment and in response thereto he filed his petition to vacate the judgment and dismiss the complaint on November 25, 1966. The petition set forth that on July 14, 1966, Knight was discharged in bankruptcy pursuant to his voluntary petition filed May 11, 1966, wherein he included his obligation to Tower Finance in his schedule of creditors.

On November 30, Tower Finance filed its motion to dismiss the defendant's petition on the grounds that bankruptcy was an affirmative defense that must be pleaded by way of answer. On December 2, the trial court, apparently on the stipulation of the parties, denied the plaintiff's motion without prejudice and granted the defendant 20 days to file additional pleadings. On December 22, the defendant filed a petition for a per-

manent stay of execution on the confession judgment that again raised the discharge of the debt in bankruptcy. On June 13, 1967, Tower Finance moved to dismiss that petition again on the grounds that bankruptcy, as an affirmative defense, must be raised by answer. The motion further alleged that the defendant's bankruptcy did not discharge his obligation to Tower Finance since that obligation was based on a loan Knight had obtained by virtue of a fraudulent financial statement.

The court took the matter under advisement and, on November 24, 1967, forwarded a memorandum to the respective counsel that found, in effect, that the confession clause in the original cognovit was voided by the subsequent discharge in bankruptcy and that the plaintiff's suit, being founded on fraud, was improperly brought as a contract action. A judgment order was entered July 22, 1968, that vacated the confession judgment and dismissed the complaint but denied the defendant's petition for a permanent stay of execution. This appeal followed.

Section 35 of the Bankruptcy Act (Title 11, United States Code, section 35) provides, in part, as follows:

> "Section 35. Debts Not Affected By A Discharge.
> "(a). A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner whatsoever with intent to deceive . . . ."

Although this section has previously been interpreted in several Illinois cases to bar the debtor's discharge

in bankruptcy as a defense to an action by a loan company for nonpayment of a loan where it has been shown that the loan was made on the basis of false statements contained in a financial statement, the precise issues involved in this case were not before the court in those decisions.

The defendant cites two cases in support of his position that the power of attorney was voided by his bankruptcy. In the case of Downer v. Warren, 200 Ill App 451 (1916), the plaintiff confessed judgment against Warren and his wife in 1911 on a note they had executed in 1903. By answer, the defendant raised his discharge in bankruptcy in 1906 from all "provable" debts. The court found that the bankruptcy operated as a discharge of Warren's obligation to Downer and rendered the power of attorney to confess judgment "null and void" on the basis that the note sued on was a joint obligation of husband and wife and that Downer's action was itself a "fraud" since he was aware that Warren's note was no longer a "subsisting debt."

In Coan v. Auerbach, 340 Ill App 422, 92 NE2d 211 (1948) an abstract opinion in the printed reports, judgment by confession was entered November 18, 1948, pursuant to a note executed November 16, 1945. The trial court granted the defendant's petition for a permanent stay of all further proceedings on the judgment on the basis of his discharge in bankruptcy on September 1, 1948. The court of review affirmed and quoted from the case of Morris v. Levin, 302 Ill App 173, 23 NE2d 779 (1939) to the effect that the discharge in bankruptcy invalidated the power of attorney to confess judgment.

■ There is language in these cases to the effect that a discharge in bankruptcy revokes the provisions authorizing a confession of judgment contained in the obligation and of necessity required that the plaintiff seeking relief must file a complaint in tort bottomed on fraud containing the necessary allegations to effective-

304

ly show that section 35 of the Bankruptcy Act did not discharge the obligations. There appears to be no controversy on the effect of a discharge in bankruptcy, namely that there is prima facie evidence of a bar to judgment and the burden of proof then falls on the plaintiff to show that the discharge was not affected by the bankruptcy.

The issue then is whether or not the plaintiff, after the discharge in bankruptcy, can utilize the confession of judgment route of procedure or should he be required to file a complaint for fraud. We conclude that the discharge is a defense and that the plaintiff need not anticipate this defense, but can confess the judgment in keeping with the provisions of the Civil Practice Act so that the Act shall be liberally construed to the end that the controversy may be speedily determined in accordance with the substantial rights of the parties. The act also adequately provides for the placing of the issue before the court by subsequent pleadings. This procedure has been followed in Tower Finance Corp. v. McLarning, 83 Ill App2d 250, 227 NE2d 375, and Towers Finance Corp. v. Winemiller, 43 Ill App2d 10, 192 NE2d 411.

From the pleadings in this case it appears the issues before the court for determination are whether the plaintiff allowed defendant credit on the basis of the financial statements which he furnished, and if so, whether they were false.

The trial court erred in vacating the judgment and in dismissing the complaint.

Reversed and remanded.

DAVIS and SEIDENFELD, JJ., concur.