## Case No. 334.

### AMORY v. AMORY.

[3 Biss. 266;[1] 12 Amer. Law Reg. (N. S.) 38.]

Circuit Court, E. D. Wisconsin. April Term, 1872.

#### DECREE—WHEN CONCLUSIVE.

1. The original judgment or decree of a court having jurisdiction, cannot be disturbed in a coordinate tribunal, nor in a collateral action.

2. The decree of a state court having jurisdiction of a suit and of the parties, is conclusive of the matters determined, and cannot be impeached in the courts of the United States.

3. The circuit courts of the United States are not constituted to review and reverse the proceedings and judgments of state courts. It is the duty of such courts to give full faith and credit to the judicial proceedings and records of state tribunals.

In equity. This was a demurrer to a bill in equity, by Angelina Amory, praying that the defendants, Samuel B. Amory and John Amory, as executors of the last will and testament of James Amory, deceased, might be perpetually enjoined and restrained from pleading, setting up, interposing, or insisting upon the record proceedings or judgment of the superior court of New York city, for divorce, in any action or proceeding complainant might commence or prosecute in the courts of Wisconsin, for the purpose of recovering any portion of the real or personal estate of which James Amory died seized or possessed; and that the complainant might be adjudged and decreed the lawful widow and heir of the said James Amory. The bill sets forth that complainant intermarried with one William A. Williams, in the year 1839, at Portland, in Maine; that in September, 1841, at Boston, he shipped as second mate on board the ship Louvre, on a voyage from Boston to the East Indies and back, since which time she has not been able, after great exertions, to get any intelligence of or from Williams, except that he had deserted the ship at Singapore, East Indies, and it was rumored that he was lost in the China Sea. It is alleged that in the year 1845, complain-

[1][Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 12 Amer. Law Reg. (N. S.) 38, contains partial report only.]

ant removed .to New York, where she became acquainted with James Amory, to whom she was lawfully married on the 12th of March, 1846; that she continued to live with him as his lawful wife until September, 1856, being during all that time recognized, received and treated as his lawful wife by him and his family and friends; and that in that same time there were various suits and proceedings in court in which she was a party with James Amory, as his wife, and she as such signed deeds and releases, etc. The bill further states that they separated by mutual consent; that in July, 1857, complainant commenced an action in the superior court of New York against James Amory, for a divorce, on the ground of adultery, in which, after a reference and report by the referee to the court, a decree was entered dismissing her bill, from which she, by her attorney, took an appeal in August, 1862, which was dismissed on motion of the attorney of James Amory, in May, 1863, on the ground that the appeal was not taken in time, according to the laws of the state. Complainant alleges that she was ignorant of the law which limited the appeal to thirty days after the service of notice of the judgment, and charges ignorance, negligence and bad faith on the part of the attorney who had appeared for her in the case. The bill then states, that James Amory departed this life in the city of Fond du Lac, in the state of Wisconsin, on the 16th day of August, 1868, where he was a resident and inhabitant, seized of a large real and personal estate, without lawful issue, and intestate, leaving complainant his lawful widow and heir under the laws of Wisconsin. It is further stated that on the 12th day of September, 1868, an instrument in writing, purporting to be the last will and testament of said James Amory, deceased, was presented to the county court of Fond du Lac county, by the defendants, together with their petition, praying that a day be appointed for hearing the proofs of said last will and testament, and that notice be given, etc., and that letters testamentary be issued to them as executors; that the will was admitted to probate, and letters testamentary were issued to the defendants, from which complainant took an appeal to the circuit court of the county, on the hearing of which the defendants interposed the decree in the divorce suit as final and conclusive against her right to interfere in the proceedings before the county court; that such proceedings were had in the circuit court, and in the supreme court of this state, that the appeal from the order of the county court was dismissed, it having been determined in the supreme court, in the absence of any trial of any of the questions of fact involved in such appeal, that the judgment in said action for a divorce was final and conclusive against this complainant, in respect to her interest in the subject matter of said appeal. 26

Wis. 152. Complainant further charges that the said alleged will is not in fact the last will of James Amory; and that her defense to said will is in all respects good and true; and that but for interposing said judgment record of the action for divorce, she would have been able fully to prove and maintain the same. The bill also prays that the judgments, orders and decrees of all said courts may be adjudged to be void and of no effect, and that the defendants, as executors, may be restrained and enjoined from executing said will under the order admitting it to probate, or from converting or disposing of the estate of said deceased; and that during the pendency of this suit the defendants be restrained and enjoined from executing the will, etc.

The records of the proceedings of all the courts mentioned in the bill are annexed. In the record of the divorce case in New York, it appears that complainant was pressed to proceed with the suit, and that a decree was rendered on her default, dismissing the action. On motion and affidavits the decree was opened, on condition that they would set down the case for trial peremptorily on a day named, and James Amory was ordered to pay two hundred dollars to enable her to prepare for trial. Reference was made to H. W. Robinson, by consent of the counsel of the parties. The referee took testimony and heard the parties by their counsel on the points submitted, and reported that the parties were not married on or about the 12th of March, 1846, or at any other time; that at that time, the complainant was the wife of William A. Williams, and not a single woman, nor capable of contracting a lawful marriage; and that Williams did not die previous to the 12th March, 1846. On the 2d of October, 1860, the cause coming on to be heard on the report of the referee, this complainant's counsel moved the court to open the case for further proof, which was denied, and a final decree was rendered against her. A petition was afterwards presented by this complainant to the superior court of New York, praying that the judgment against her be opened, which petition was denied. [For a subsequent hearing in this case, see Amory v. Amory, Case No. 335.]

J. M. Gillett and Carpenter & Murphy, for complainant.
S. U. Pinney, for defendants.

MILLER, District Judge. Complainant married James Amory as the widow of Williams. Amory had a right to consider her competent to enter into the marriage relation with him. They cohabited as husband and wife for nearly ten years, and during that time the facts of recognition occurred, he believing her to be his lawful wife. It coming to his knowledge that they were not lawfully married, for the reason stated, he was not estopped in the action for a divorce

from pleading and proving that her husband, Williams, was not dead at the date of his own marriage with her the 12th of March, 1846. She imposed on him in marrying him before she had reasonable or legal cause of belief of Williams' death. She married him before legal presumption of death by the expiration of seven years from the time Williams was last heard of. And it was proven before the referee that a letter from him had been recently received. She is in fault in this respect, not James Amory. Whenever he discovered complainant's want of legal right to become his wife, it became his duty to repudiate the marriage with her. The superior court was correct in disregarding the alleged facts of recognition in the petition to open the judgment.

This bill is virtually an appeal to this court from the judgment in the divorce case, and also from the orders and proceedings in the county and circuit courts of Fond du Lac, and of the supreme court of this state, and is sought to be sustained upon the alleged fraud of complainant's attorney, Shaffer. This court is not constituted to review and reverse proceedings and judgments of state courts. It is our duty to give full faith and credit to those judicial proceedings and records. It is well understood that the courts of the United States will not revise or correct judgments or decrees of state courts, where the jurisdiction of those courts appears in the record. A judgment or decree pronounced by a competent tribunal against a party having notice of the pendency of the suit is to be regarded by every other co-ordinate tribunal, and if the judgment or decree be erroneous, the error can be corrected only by a superior appellate tribunal. The binding distinction is between judgments or decrees merely void, and such as are voidable only; the former are binding nowhere, the latter everywhere, until reversed by a superior authority. Hollingsworth v. Barbour, 4 Pet. [29 U. S.] 466–470. The record in the action for divorce exhibits complete jurisdiction in the courts of the state of New York, and a conclusive judgment or decree not void anywhere. The complainant, by her bill and accompanying exhibits, attempts to show that the judgment or decree of that court is voidable for fraud on the part of her attorney. This she cannot do in this court. She must appeal for relief to the courts of the state of New York.

It is well settled by authority and long practice, that to an action on a judgment record, nul tiel record is the proper and only plea. The plea of nil debet is demurrable. Mills v. Duryee, 7 Cranch, [11 U. S.] 481. If it is found on inspection of the record. that the court had jurisdiction of the subject matter and of the parties, the judgment is conclusive. For fraud in obtaining jurisdiction, either by an unauthorized appearance of defendant by an attorney, or by confession of judgment by an attorney without authority, or by a false return to the original process, or by any fraud on the party, relief can only be obtained in the court possessed of the original record. The tribunal wherein an action is pending, on representation of the facts, usually gives the party time to make his application for relief to the original court; and upon a certificate that the judgment is reversed or vacated, the plea of nul tiel record becomes available. The original judgment or decree of a court having jurisdiction cannot be disturbed in a co-ordinate tribunal, or in a collateral action. It is conclusive on the merits. Landes v. Perkins, 12 Mo. 254; Landes v. Brant, 10 How. [51 U. S.] 349–371; Grignon v. Astor, 2 How. [43 U. S.] 319; McPherson v. Cunliff, 11 Serg. & R. 422; Dunlap v. Stetson, [Case No. 4,164;] Diggs v. Wolcott, 4 Cranch, [8 U. S.] 179; Elliott v. Peirsol, 1 Pet. [26 U. S.] 329; McKim v. Voorhies, 7 Cranch, [11 U. S.] 279; M'Elmoyle v. Cohen, 13 Pet. [38 U. S.] 312; Benton v. Burgot, 10 Serg. & R. 240; Huff v. Hutchinson, 14 How. [55 U. S.] 586; Parrish v. Ferris, 2 Black, [67 U. S.] 606. Pleas to the contrary, of payment, or satisfaction, or release of the judgment, or of the statute of limitations, are allowable. Upon the same principle, the judgments and orders of the courts of this state are conclusive in a collateral action or proceeding. The complainant, not having prosecuted her action for divorce with proper diligence, cannot come to this court for relief, on the ground that an appeal was pending from a discretionary order of the court denying her petition for a rehearing, at the time of the death of James Amory, particularly as that order was correct and justifiable. The court of New York adjudged that complainant was not the wife of James Amory, consequently she cannot set up a claim here as his widow.

The prayer of the bill, that the defendants as executors of the last will and testament of James Amory, deceased, may be restrained and enjoined from executing the will, under the orders of the county court admitting the same to probate, involves direct interference on the part of this court with an exclusive and independent power and duty of that court. That court possesses exclusive and independent probate powers. This court has none. The orders of that court within its jurisdiction are as conclusive as the judgments of this court. That court has charge of the estate of the testator, and has the lawful power to admit the will to probate, to issue letters testamentary, and to control the action of the executors according to the will, who are trustees of the legatees. All persons interested in the estate have lawful right to look to that court for protection. That court has jurisdiction of the probate of the will and of issuing letters testamentary, and this complainant appeared and had her day in that court, the proceedings of which are sanctioned by the supreme court of the state. She cannot, as a non-resident

of the state, claim the jurisdiction and action of this court, upon the facts pleaded in her bill with the exhibits annexed as part thereof, and the demurrer must be sustained and the bill dismissed.

NOTE, [from original report.] The above case was heard before Judges Drummond and Miller, the former being of opinion that the complainant might, in this court. show fraud in the proceedings in the courts of New York. No certificate of disagreement, however, had been signed at the time of the passage of the act of congress of June 1st, 1872. (17 Stat. 196,) providing that in cases of a difference of opinion between the circuit and district judges the opinion of the former shall prevail, and thereupon, upon Judge Drummond's suggestion that the same point could be made by answer as well as by demurrer. the demurrer was overruled, with leave to answer, and the case is still pending. The opinion and note in American Law Register for September, 1873, are not strictly correct. the case having been heard at the January term, 1872, and decided at the April term, and prior to the passage of the act of congress. The opinion of Judge Drummond is reserved until the final hearing of the cause.