FRANK E. HALL *vs.* THE JUSTICES OF THE MUNICIPAL COURT.

Suffolk.   April 1, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Writ of Prohibition — Discharge in Insolvency — Action — Pleading — Judgment — Execution.*

Where, after B. has received his discharge in insolvency, A. brings an action against him on a claim which was provable against B.'s insolvent estate, but which A. did not prove against it, the failure of B. to appear and plead his discharge in insolvency under Pub. Sts. c. 157, § 83, is not a waiver of his rights, but after execution has issued the discharge may be set up as a bar to an application for a certificate authorizing the arrest of B.

PETITION for a writ of prohibition to restrain the justices of the Municipal Court of the city of Boston from proceeding to hear the application of a judgment debtor for a certificate authorizing the arrest of the petitioner.

The case was submitted on agreed facts, which alleged that on June 11, 1890, Joseph W. Parker sold to the petitioner clothing to the amount of forty-five dollars; that in May, 1891, the petitioner filed his petition in insolvency, receiving his discharge on June 23, 1892; that the bill of Parker was not proved against the insolvent estate of the petitioner; that in December, 1894, Parker began an action against the petitioner in the Municipal Court for the city of Boston to recover the price of the

clothing; that the petitioner did not appear, and did not make any answer, but suffered judgment to be recovered against him by default, without either pleading or proving his discharge in insolvency on January 4, 1895, and that execution issued thereon on January 8, 1895, and the execution contained the usual clause authorizing the arrest of the defendant; that a citation directing the petitioner to appear before the Municipal Court of the city of Boston, and submit to an examination touching his estate, was issued on January 28, 1895, returnable on February 4, 1895; that due service of the citation was made upon the petitioner, and he appeared in response thereto and filed a demurrer, annexing thereto a copy of his discharge in insolvency; that the filing of this demurrer was the first attempt made by the petitioner to plead or prove his discharge in insolvency; and that upon the hearing upon the demurrer the respondents declined to dismiss the application of the creditor, and assumed jurisdiction of the matter, and directed the petitioner to submit himself to the further examination of the creditors.

Hearing before *Knowlton*, J., who was of opinion that a writ of prohibition should be issued; but, at the request of the respondents, reserved the case for the consideration of the full court, such judgment to be entered as law and justice might require.

*J. W. Keith*, for the respondents.

*S. L. Powers*, (*R. A. Sears* with him,) for the petitioner.

HOLMES, J. The petitioner suffered judgment by default on a debt for necessaries. He had a discharge in insolvency before the action was brought. The debt was provable, but was not proved in the insolvency proceedings, and therefore was not discharged. Pub. Sts. c. 157, §§ 26, 84. But by § 83 the debtor, after obtaining his certificate of discharge, " shall also be forever thereafter discharged and exempt from arrest or imprisonment in any suit or upon any proceeding for or on account of a debt or demand provable against his estate." The words could not be stronger or more explicit. They apply to an arrest in the suit on which judgment was recovered against the petitioner. *Everett* v. *Henderson*, 150 Mass. 411, 414. This is not denied, but it is argued that he lost his right by not pleading the discharge in that suit. The statute does not say so, but on the contrary gives the protection in absolute terms. No doubt

when a discharge is a bar to a judgment it is proper to plead it. But, as pleadings are addressed to the judgment, not to the execution, as the plaintiff in the suit mentioned was entitled to judgment, and as a judgment for a debt commonly says nothing about arrest or the modes by which it is to be enforced, there is not even a technical ground for the argument. The petitioner was not called on to move until an attempt was made to arrest him. When that attempt was made, the discharge was brought to the attention of the court on the record, and thereupon it had notice of a fact which had ended its power to authorize an arrest.                                          *Writ to issue.*