JOSEPH H. BENNETT *vs.* THE JUSTICES OF THE MUNICIPAL COURT.

Suffolk.    March 10, 1896. — May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Petition for Mandamus — Discharge in Insolvency — Judgment — Poor Debtor Process.*

The exemption from arrest or imprisonment in any suit or upon any proceeding for or on account of a debt or demand provable against an insolvent's estate, granted by Pub. Sts. c. 157, § 83, depends on the character of the original debt or demand, and is not affected by the fact that judgment has been taken upon it.

PETITION for a writ of mandamus, to require the justices of the Municipal Court of the city of Boston to direct Afred A. and

Simeon Marcus to submit to an examination touching their estate, under the proceedings for the relief of poor debtors.

The petition alleged that, on October 12, 1894, the petitioner obtained a judgment in the Municipal Court of the city of Boston against Alfred A. and Simeon Marcus, copartners on a promissory note given by them in the firm name, and on December 3, 1894, on appeal in the Superior Court, on which, on December 13, 1894, an execution, and on July 10, 1895, an alias execution, were issued; that on July 13, 1895, the judgment debtors were cited to appear before the Municipal Court of the city of Boston, and submit to an examination touching their estate; that on November 5, 1894, the debtors filed a voluntary petition in insolvency, and on October 18, 1895, received a discharge; and that the poor debtor proceedings were continued, from time to time, until November 1, 1895, when the debtors presented their discharge in insolvency, and the magistrate refused to direct the debtors to submit to an examination.

The answer of the respondents averred that, the judgment against Alfred A. and Simeon Marcus being a debt which was provable against them in insolvency, their discharge in insolvency exempted them from arrest or imprisonment upon the execution which issued upon such judgment.

Hearing on the petition and answer by *Barker*, J., who reserved the case for the consideration of the full court.

*S. L. Whipple & R. W. Frost*, for the petitioner.

*G. P. Wardner*, for the respondents.

HOLMES, J.   The exemption from arrest or imprisonment in any suit or upon any proceeding for or on account of a debt or demand provable against an insolvent's estate, granted by Pub. Sts. c. 157, § 83, depends on the character of the original debt or demand, and is not affected by the fact that a judgment has been taken upon it.   *Choteau* v. *Richardson*, 12 Allen, 365. *Hall* v. *Justices of the Municipal Court*, 164 Mass. 155.

It is true that it has been considered that a discharge does not affect a debt provable at the beginning of insolvency or bankruptcy proceedings, if it is allowed to pass to judgment pending those proceedings.   *Sampson* v. *Clark*, 2 Cush. 173. *Woodbury* v. *Perkins*, 5 Cush. 86.   *Faxon* v. *Baxter*, 11 Cush. 35, 37.   *Bradford* v. *Rice*, 102 Mass. 472, 473.   And also that in

some cases the original debt loses its exemption if it is sued to judgment before the bankruptcy proceedings are instituted. *Wolcott* v. *Hodge*, 15 Gray, 547. The first cited decisions, so far as they apply to the bankrupt laws, are disapproved by the Supreme Court of the United States, seemingly not on the special grounds adverted to in *Ray* v. *Wight*, 119 Mass. 426, 428, but on general reasoning. *Boynton* v. *Ball*, 121 U. S. 457, 466. Those decisions can be reconciled with the other cases in this State, but we deem it clear that they do not govern the case at bar. The questions of freedom from arrest and of discharge are different. The language of § 83 extends to imprisonment on judgments whenever recovered, if the original demand was one which might have been proved. For § 83 applies indiscriminately to instances in which the discharge would not be a bar, and in which, therefore, the plaintiff is entitled to judgment notwithstanding the pendency of insolvency proceedings, (*Hall* v. *Justices of the Municipal Court*, 164 Mass. 155,) and to those in which the discharge would have been a bar but for the judgment; and therefore it must be given the same effect in either case.                                         *Petition dismissed.*