## PACKER v. WHITTIER.

(Circuit Court, D. Massachusetts. May 27, 1897.)

1. FEDERAL COURTS—FOLLOWING STATE LAW.
   The federal courts will follow the law of the state where a judgment is rendered as to its effect in merging the original cause of action.

2. BANKRUPTCY—DISCHARGE—JUDGMENTS.
   In Massachusetts a judgment merges the original cause of action, and will be extinguished by a discharge under the United States bankrupt act, even when the original claim would not have been.

This case was heard upon the following agreed statement of facts:

"By writ dated June 23, 1873, the partnership of Packer, Healy & Co. commenced a suit in the superior court of the commonwealth of Massachusetts,

for the county of Suffolk, against the city of Chelsea and Albert R. Whittier; and on the 29th day of December, 1875, judgment was entered by said superior court in favor of said Packer, Healy & Co. against said Albert R. Whittier, for the sum of $2,729.95, damage, and $208.41, costs of suit. Said court had jurisdiction both of the parties and the subject-matter, and said judgment has not been reversed or annulled, except as herein stated. Said judgment has been satisfied only to the extent of $65.20. After verdict and before judgment, certain exceptions to the ruling of the said superior court in the trial of said case were taken by said Whittier, and duly allowed, and said exceptions were not entered in the supreme judicial court, and upon complaint said exceptions were overruled. The plaintiff in the present suit, Elisha A. Packer, was at the beginning of this suit, and still is, a citizen and resident of the state of New York, and is the sole surviving partner of said partnership of Packer, Healy & Co. The defendant in the present suit, Albert R. Whittier, was at the beginning of this suit, and still is, a citizen and resident of the state of Massachusetts, and is the person against whom said judgment was recovered. Exhibit A, hereto annexed, is offered in evidence by the plaintiff as an exemplified record of the judgment in said suit, duly certified and binding upon the court; but the defendant reserves the right to object to the admission of any parts thereof, though he admits that the copies are true copies of the original papers and records on file in said superior court relating to said suit. Exhibit B is a certified copy of the complaint to the supreme judicial court, and of the rescript of said court, and is offered in evidence so far as it may be material. The defendant Albert R. Whittier, on the 24th day of August, 1878, filed in the district court of the United States, sitting in bankruptcy for the district of Massachusetts, a petition to take advantage of the act relating to bankrupts, and on the 6th day of December, 1878, was duly granted his discharge. Said district court had full jurisdiction of the subject-matter and of the parties. The copies annexed hereto, marked 'Exhibit C,' are true copies of the discharge, and of the papers and records on file in and of said district court, so far as they relate to said proceeding, and may be used in evidence, so far as material, in the same manner as the original. The firm of Packer, Healy & Co., named in the schedule of creditors, is the same firm which recovered judgment against said Whittier as aforesaid, and the indebtedness therein mentioned was the debt due upon said judgment. Each party reserves the right to object to the materiality of any of the facts, papers, or records hereinbefore mentioned. The foregoing are all the facts which either party claims are material to the issue; and from the above facts the court is authorized to draw such inferences as a jury might draw, and to enter such order hereon as justice may require."

The exhibits above referred to, and which are contained in the record, although not here set out, are made a part of the agreed statement of facts.

Fish, Richardson & Storrow, Robert F. Herrick, and Guy Cunningham, for plaintiff.

Gaston & Snow, for defendant.

COLT, Circuit Judge. Upon the foregoing agreed statement of facts, the opinion and ruling of the court are as follows:

1. As to the effect of the judgment upon which this suit is brought in merging the original cause of action, this court will follow the law of Massachusetts, where the judgment was rendered. Christmas v. Russell, 5 Wall. 290; Amory v. Amory, 3 Biss. 266, Fed. Cas. No. 334; Green v. Sarmiento, 3 Wash. C. C. 17, Fed. Cas. No. 5,760; Rogers v. Odell, 39 N. H. 452; Chew v. Brumagim, 21 N. J. Eq. 520; Suydam v. Barber, 18 N. Y. 468; Freem. Judgm. (3d Ed.) § 575.

2. In Massachusetts a judgment merges and takes the place of the original cause of action, so that a debt which would have been ex-

empt from discharge in bankruptcy under the United States bankruptcy act is extinguished, although the original claim would not have been. Wolcott v. Hodge, 15 Gray, 547; Sampson v. Clark, 2 Cush. 173; Bangs v. Watson, 9 Gray, 211; Pierce v. Eaton, 11 Gray. 398; Light v. Merriam, 132 Mass. 283; In re Gallison, 5 N. B. R. 353, Fed. Cas. No. 5,203.

3. The plaintiff cannot enter into the inquiry whether the original cause of action was founded upon fraud, because such cause of action became merged in the judgment; and, the judgment debt having been discharged by the proceedings in bankruptcy, it follows that judgment must be entered for defendant.