## PACKER v. WHITTIER.

(Circuit Court of Appeals, First Circuit. January 20, 1899.)

No. 222.

1. **TRIAL—SUBMISSION OF ISSUES TO COURT—NECESSITY OF FINDINGS OF FACT.**
Plaintiff sued in the circuit court on a judgment rendered against the defendant prior to his discharge in bankruptcy, alleging that the debt was not discharged because created by the fraud of the defendant. Defendant denied the allegations of fraud, and pleaded the discharge as a defense. By stipulation of the parties, a jury was waived, and the case submitted to the court. *Held*, that it was the duty of the court, under Rev. St. § 649, to make a finding upon the issue of fraud, and that the circuit court of appeals could not, on a writ of error, examine the evidence nor supply such finding.

2. **SAME—AGREED STATEMENT OF FACTS.**
An agreed statement of evidential facts cannot supply the place of a finding by the court upon the ultimate fact in issue.

3. **BANKRUPTCY—EFFECT OF DISCHARGE—MERGER OF DEBT IN JUDGMENT.**
A cause of action does not become merged in a judgment thereon, so as to preclude the plaintiff from showing that the original debt was created by the fraud of the debtor, for the purpose of avoiding the effect of a discharge in bankruptcy, subsequently obtained by the debtor.
Putnam, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Robert F. Herrick and Guy Cunningham, for plaintiff in error.
William A. Gaston and Frederick E. Snow, for defendant in error.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

WEBB, District Judge. This case comes to us on a writ of error, having been tried below by the court, and judgment ordered for the defendant (81 Fed. 335) on an agreement as follows: "In the above case both parties hereby waive the right to a trial by jury, and agree that the case may be heard and determined by the court on the agreed statement of facts herewith filed." The action was on a judgment obtained by a firm, of which the present plaintiff is the surviving partner, against the defendant, Whittier, in the superior court for Suffolk county, in December, 1875. The writ in the circuit court is dated September 24, 1895. The plaintiff's declaration contains four counts. The first sets out the judgment in the superior court, and the issue of an execution thereon, which was returned, "Satisfied for the sum of sixty-five dollars and twenty cents, and no more." It also avers that said judgment remains "in full force and effect, in no wise reversed or annulled or set aside"; "and the plaintiff further says that the said judgment has never been satisfied except in the sum of

sixty-five dollars and twenty cents, and no more." The only difference between the first and second counts of the declaration is that the second makes no mention of the part satisfaction in the sum of $65.20. The third and fourth counts, after setting out all the facts alleged in the first and second, and in almost identical words, contain this further averment:

"And the plaintiff further says that, after the rendition of this said judgment by the said superior court, the defendant procured from the United States district court for the district of Massachusetts his discharge in bankruptcy, and the defendant claims that by his discharge his liability to the plaintiff upon the debt represented by the said judgment is discharged; but the plaintiff says that the said debt represented by the said judgment was created by the fraud of the judgment debtor, and is not canceled by the said defendant's discharge in bankruptcy."

To this writ and declaration the defendant answered, as follows:

"And now comes the defendant in the above-entitled case, and for answer denies each and every allegation in the plaintiff's writ and declaration, and the several counts therein contained; and the defendant, further answering, says that by virtue of the proceedings instituted in the United States district court for the district of Massachusetts on the 24th day of August, 1878, under the provisions of the Revised Statutes of the United States, title 'Bankruptcy,' and the other acts relating to bankruptcy, the defendant was discharged on the 6th day of December, 1878, a certified copy whereof is hereto annexed, from all debts and claims, including the plaintiff's claim (if any) against this defendant, which were provable against his estate in bankruptcy."

A copy of the record of the bankruptcy court and of the discharge of the bankrupt is annexed to this answer.

It was after this answer was filed that the parties waived a jury trial, and agreed to submit the case to the court on an accompanying "agreed statement of facts."

It is thus seen that the principal issue of fact between the litigants was the question of fraud in the inception of the demand on which the judgment of the superior court was rendered. That was a question of fact to be decided by the circuit court, and the agreed statement only included facts upon the probative effect of which that issue of fraud was to be determined. But the circuit court made no finding of fact, either general or special, but ruled, as a matter of law, that the original debt or liability of the defendant was merged in the judgment of the state court.

Under the statute (Rev. St. § 649), authorizing parties to submit their cases to the circuit court without a jury, the determination of disputed facts, fairly raised by the issues, is intrusted to the court, wherein, as provided by the statute, the findings may be either general or special. By it all facts necessary for the disposal of the cause are to be found. An appellate court cannot review or modify any such finding, but is confined to the questions and rulings of law in the court below, except that, in case of a special finding, the review may extend to the determination of the sufficiency of the facts found to support the judgment. Section 700.

As has appeared, the important question of fact on which the rights of these parties turned was whether the original cause of action, on which the judgment of the superior court was obtained, was created by the fraud of the defendant. Now, that was an issue

of fact as to which the circuit court ought, on the evidence submitted to it, to have found one way or the other. This court cannot examine the evidence nor supply that finding of fact. Dirst v. Morris, 14 Wall. 484, 490; Insurance Co. v. Folsom, 18 Wall. 237, 248, 250; Cooper v. Omohundro, 19 Wall. 65, 70; Crews v. Brewer, Id. 70, 72; Distilling & Cattle-Feeding Co. v. Gottschalk, 13 C. C. A. 618, 66 Fed. 609, 610; Lehnen v. Dickson, 148 U. S. 71, 77, 13 Sup. Ct. 481; City of St. Louis v. W. U. Tel. Co., 148 U. S. 92, 96, 13 Sup. Ct. 485.

The court held, as a matter of law subject to exception, that the original cause of action was so merged in the judgment that its nature could not be shown. This is not in accordance with the law as laid down by the supreme court in Boynton v. Ball, 121 U. S. 457, 7 Sup. Ct. 981, and as recognized by the supreme court of Massachusetts in Huntington v. Saunders, 166 Mass. 92, 94, 43 N. E. 1035, and Bennett v. Justices of the Municipal Court, 166 Mass. 126, 44 N. E. 121. See, also, Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 292, 293, 8 Sup. Ct. 1370; Freeland v. Williams, 131 U. S. 405, 413, 9 Sup. Ct. 763.

Following an erroneous view of the law, the circuit court also ruled, subject to exception, that the plaintiff could not "enter into the inquiry whether the original cause of action was founded on fraud, because such cause of action became merged in the judgment, and the judgment debt having been discharged by the proceedings in bankruptcy, it follows that the judgment must be entered for the defendant." By this ruling, all the plaintiff's evidence upon the question of fraud was excluded from the mind of the court, who was to determine the fact in lieu of a jury, and the case thus made to turn entirely upon a ruling of law as to the effect of the Massachusetts judgment. The situation presented is similar to that of a jury trial where, at the close of all the evidence, the case is taken from the jury, subject to exception, and made to turn on a ruling of law.

The record thus presents the following errors: A failure to make any finding upon the issue of fraud raised by the pleadings; a ruling that the question of fraud could not be inquired into; and a ruling that the original cause of action became merged in the judgment.

If, which we cannot do, we might regard the statement of facts as a finding by the court of the facts therein contained, it would only be the finding of particulars offered in evidence, from which the issue was to be passed on, and not a finding of the ultimate fact of fraud or no fraud.

The judgment of the circuit court is reversed, and the case remanded to that court for further proceedings not inconsistent with this opinion.

PUTNAM, Circuit Judge, does not concur.