# FRANCHESCHI, Plff.,

*v.*

# JONES, Dft.

---

Ponce, Equity, No. 295.

## AS TO SEPARATE FINDINGS IN EQUITY.

Findings of Fact—in Equity—at Law.

 1. Sections 649 and 700 of the Revised Statutes of the United States, Comp. Stat. 1913, §§ 1587, 1668, making it the duty of the court to make findings of fact, do not refer to cases in equity, but to cases at law where a jury has been waived.

Record in Equity.

 2. In the United States courts the bill, answer, and other pleadings, together with the decree, constitute what is properly considered as the record.

Opinion filed May 13, 1916.

Francheschi v. Jones.

*Messrs. J. A. Poventud* and *R. V. Perez Marchand* for plaintiff.

*Mr. F. E. Meagle* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. The plaintiff applies to the court to make separate findings of fact herein, and relies upon §§ 649 and 700 of the United States Revised Statutes, Comp. Stat. 1913, §§ 1587, 1668. These sections have not been repealed by § 297 of the Judiciary Act of March 31, 1911, and § 291 of that act imposes the same duties upon the district courts that formerly were incumbent on the circuit courts. There is no doubt that at law when the record discloses no finding of facts, and the circuit court had jurisdiction, there are no questions open for review. Lloyd v. McWilliams, 137 U. S. 576, 34 L. ed. 788, 11 Sup. Ct. Rep. 173. There must be a finding of facts, either general or special, in order to authorize a judgment. Ætna Ins. Co. v. Boon, 95 U. S. 117, 124, 24 L. ed. 395, 396; Packer v. Whittier (1899) 33 C. C. A. 658, 63 U. S. App. 37, 91 Fed. 511. It is the duty of the court to make findings upon all the issues of the evidence submitted to it. Packer v. Whittier, supra.

The sections relied upon, however, in their terms refer to cases at law where the court by stipulation of parties has waived a jury. The case at bar is one in equity, and not at law, and so does not come within the purview of these sections. Cameron v. United States, 148 U. S. 301, 37 L. ed. 459, 13 Sup. Ct. Rep. 595.

Francheschi v. Jones.

Furthermore, in equity in England the decree always recites the substance of the bill and answer and pleadings, and also the facts on which the court founds its decree; but in America the decree does not ordinarily recite either the bill or the answer or pleadings, and generally not the facts on which the decree is founded. But with us only the bill, answer, and other pleadings, together with the decree, constitute what is properly considered as the record. Whiting v. Bank of United States, 13 Pet. 6, 14, 10 L. ed. 33, 37.

It follows, therefore, that the application must be refused. It is so ordered.