MARY E. JORDAN *vs.* COLIN MCKENZIE.

Hancock.    Opinion February 12, 1915.

*Debt.    Discharge.    Insolvency.    Judgment.    Provable in Insolvency.
Scheduled.    Waiver.*

This is an action of debt on judgment in which the plaintiff sued to recover on a judgment rendered in favor of Sylvanus Jordan, the original plaintiff, at the October term, 1893, of the Supreme Judicial Court for the County of Hancock. The writ was dated January 11, 1893, and entered at the April term of court and continued to the October term, of the same year, when the insolvency of the defendant was suggested, and at the April term, 1894, and before the defendant received his discharge in insolvency, the defendant was defaulted and judgment rendered in favor of Sylvanus Jordan, upon which execution was issued May 1, 1894.

The present action is founded upon this execution in favor of Mary E. Jordan, under the will of her late husband, Sylvanus Jordan.

*Held:*    That the taking of judgment by the plaintiff was a waiver of his claim against the estate; that the account sued was merged in the judgment and assumed a new form of indebtedness; and having been acquired after the commission of insolvency was issued was not provable against the estate, but became the personal debt of the insolvent.

On report.    Judgment for plaintiff.

This is an action of debt on a judgment rendered in favor of Sylvanus Jordan at the October term, 1893. At the April term, 1894, the defendant was defaulted and judgment rendered, upon which execution was issued May 1, 1894. The present action is founded upon the execution in favor of Mary E. Jordan, under the will of her

late husband, Sylvanus Jordan. The original action was brought before defendant filed his voluntary petition in insolvency, and judgment was obtained before defendant obtained his discharge. The case was reported upon an agreed statement of facts, to the Law Court, for determination.

The case is stated in the opinion.

*George E. Googins,* for plaintiff.

*E. J. Walsh,* for defendant.

SITTING: SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

SPEAR, J. On agreed statement of facts. This is an action of debt on judgment in which the plaintiff sues to recover on a judgment rendered in favor of Sylvanus Jordan, the original plaintiff, at the October term, 1893, of the Supreme Judicial Court for the County of Hancock. The writ was dated January 11, 1893, and entered at the April term of court and continued to the October term of the same year, when the insolvency of the defendant was suggested, and at the April term, 1894, the defendant was defaulted and judgment rendered in favor of Sylvanus Jordan, upon which execution was issued May 1, 1894.

The present action is founded upon this execution in favor of Mary E. Jordan under the will of her late husband, Sylvanus Jordan. The action in the original suit was brought before the defendant filed his voluntary petition in insolvency. The claim, upon which the suit was founded, was provable against the estate of the defendant when he was declared insolvent. The claim, notwithstanding suit was pending, was scheduled, allowed, and became entitled to a proportional part of any dividend which might be declared, and, so far as appears, so stands to-day. But after the defendant was declared an insolvent upon his petition, and before he received his discharge, the original plaintiff obtained judgment upon the identical claim filed against the defendant's estate. Under this state of facts the only question is, Did the defendant's discharge in insolvency bar the plaintiff's right of action? The solution of this question depends upon whether we follow the rule laid down by our own court in *Emery et al., appellants,* 89 Maine, 544, or the doctrine announced in *Boynton* v. *Ball,* 121 U. S., 457. The trend of the later decisions in Massachusetts is in harmony with the decision of our court. *Hunt-*

*ington* v. *Saunders,* 166 Mass., 92. *Emery et al., appellants,* affords an exact precedent in every detail of the facts for the case at bar. The suit was brought before the defendant·went into insolvency and judgment obtained before he received his discharge; and the claim was scheduled and allowed against the estate. But the court held, that the taking of judgment by the plaintiff, was a waiver of his claim against the estate; that the account sued was merged in the judgment and assumed a new form of indebtedness; and having been acquired after the commission of insolvency was issued, was not provable against the estate, but became the personal debt of the insolvent.

The plaintiff, accordingly, had before her for her legal guidance the unchallenged opinion of this court, not only unchallenged but expressly overruling *Boynton* v. *Ball,* in its application to proceedings under our insolvent law.

Litigants have a right to transact business with reference to the law enunciated by the court. Most valuable property rights may be predicated upon the law, as thus declared. These rights should not be impaired nor sacrificed by a reversal or modification of the law except upon cogent and necessary reasons. Stability of the law should be the one great outstanding feature of jurisprudence upon which the profession as well as the people should have a right to rely. We are unable to discover any such paramount reason as would warrant us in overruling this long standing decision of our own court touching the disposal of the case before us.

*Judgment for the plaintiff.*