**BREWER'S DAIRY**

v.

**Maynard C. DOLLOFF, Commissioner of Agriculture.**

Supreme Judicial Court of Maine.

Aug. 5, 1970.

George A. Wathen, Augusta, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendant.

Charles E. Moreshead, Augusta, for intervenor.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

MARDEN, Justice.

This is a petition for a declaratory judgment on the validity of Chapter 296 of the Public Laws of 1969 and, if appropriate, injunctive relief. A preliminary injunction was ordered. A motion by the New England Milk Producers Association to intervene was granted. By agreement of the parties the case was reported upon statement of facts.

The reference Public Law is "An Act Creating the Maine Milk Dealers Bonding Law," (Act) the substance of which is to require a milk dealer purchasing, for resale or manufacture, milk in excess of 250 quarts daily, to be licensed, to file a bond in an amount of 1½ times the value of the total amount of milk "received or purchased by such dealer during his calender month of largest volume of the year preceding the date of application" to guarantee payment to his suppliers not less than semi-monthly and be exposed to penalty for operating without such license. The constitutionality of this measure is attacked.

The act is the fourth of its nature, two previous measures having been declared unconstitutional by litigation, and the provisions of a proposed third questioned as

to constitutionality by an Opinion of the Justices, resulting in non-enactment.

The following tabulation indicates the similarity of these several measures:

| Terms | P.L. 1915[1] Chap. 32 | P.L. 1933[2] Chap. 210 | L.D. 1345[3] 1961 | P.L. 1969 Chap. 296 |
|---|---|---|---|---|
| Applicable to | Purchasers of Milk for resale | Milk Gathering Stations | Licensees | Dealers[4] |
| License required | | X | | X |
| Semi-monthly payment to producers | X | | X | X |
| Security bond | $2,000.[5] | $2,000.[6] | | $100. up[7] |
| Exemption[8] | | X | | X |
| Penalty for non-license | X | X | | X |

———◆———

The 1915 Act was held to be unconstitutional as class legislation and violative of the "equal protection" clause of the Fourteenth Amendment to the Constitution of the United States in State v. Latham, 115 Me. 176, 98 A. 578 (1916).

The 1933 Act was held to be unconstitutional for the same reasons in State v. Old Tavern Farm, Inc., 133 Me. 468, 180 A. 473, with two members of the Court dissenting.

The provisions of the 1961 Legislative Document, in response to three questions from the Legislature, were analogized to the 1915 and 1933 Acts, and without rendering opinions as to 1) its validity as an exercise of police power, or 2) whether it constituted class legislation, or 3) whether it unconstitutionally impaired the obligation of contract, the Justices held that the constitutional issues should be decided in adversary litigation. Opinion of the Justices, 157 Me. 152, 161, 170 A.2d 652.

From the table above it is adequately disclosed that the 1969 Act embodies in all pertinent respects the provisions of the 1915 and 1933 Public Laws and the provisions proposed in the 1961 Legislative

1. R.S.1916 Chapter 37 § 27.

2. Repealed by revision of 1944, p. 2240.

3. Propose amendment to Chapter 33 R.S. 1954 (Maine Commission) providing for semi-monthly payment to producer upon risk of suspension or loss of license. Not enacted. Licensees refer to those licensed by the Milk Commission.

4. All of which are by definition in the same category.

5. Subject to increase if inadequate. Amount of initial bond reduced to $500.00

by Chapter 283 P.L.1933 (Special Session, December 1933).

6. Subject to increase if inadequate.

7. In an amount 1½ times the value of the milk received or purchased during the calendar month of largest volume during the year preceding date of appication.

8. Those receiving or purchasing no more than 250 quarts of milk daily.

**638**

Document. There were differences in the characterization of the milk purveyor to whom the Acts applied "Purchaser for Resale" (1915); "Milk Gathering Station" (1961); "Dealer" (1969); and in the amounts of the bonds required to guarantee payment to the producers.

The threshold and determinative question,—is whether the doctrine of *stare decisis* is to be applied. Plaintiff urges that the decision of *Latham* and *Old Tavern, supra,* control and the defendant urges that those decisions should be overruled, not because the doctrine is inapplicable but that public interest requires it,—and the fact that those cases stand for a minority view. See Opinion of the Justices, supra, 157 Me., at page 157, 170 A.2d 652.

■ This doctrine embodies a judicial policy that a "determination of a point of law by a court will generally be followed by a court of the same * * * rank if a subsequent case presents the same legal problem although different parties are involved in the subsequent case." 20 Am. Jur.2d., Courts § 183. "The rationale behind the policy is the need to promote certainty, stability, and predictability of the law." Same § 184. See Jordan v. McKenzie, 113 Me. 57, 59, 92 A. 995.

■ The validity of statutory security bonding provisions as applied to the milk industry in substantially identical form has been twice considered with the same result, by a unanimous court in *Latham* and a majority court in *Old Tavern.* A decision by a divided court, according to "the prevailing view * * * does not by this lack of unanimity lose its character as a precedent within the scope of stare decisis." 20 Am.Jur.2d Courts § 195, Ullmann v. United States, 350 U.S. 422, [12, 13] 437, 76 S.Ct. 497, [12, 13] 506, 100 L.Ed. 511, reh. den. 351 U.S. 928, 76 S.Ct. 777, 100 L.Ed. 1457.

■ Conversely, we recognize the doctrine is not an insuperable barrier to reconsideration of prior decisions where adequate cause is shown and impelling changing conditions exist. See Prior v. State, Me., 265 A.2d 486.

It is conceded that the milk industry is one of special problems, is of public interest and that appropriate legislative action within the State's police power is constitutionally sound. It has been so recognized and declared in Maine Milk Commission v. Cumberland Farms Northern, Inc., 160 Me. 366, 379, 205 A.2d 146, wherein price control under Chapter 13 P.L.1935 (now 7 M.R.S.A. § 2954) and injunctive enforcement by the Milk Commission under Chapter 410 P.L. 1961 (now 7 M.R.S.A. § 2959) were upheld.

In the case before us, however, there is nothing to indicate that the applicability of the 1969 Act to the milk industry is different than that considered in *Latham* and *Old Tavern, supra.* The milk control law held good, in *Cumberland Farms, supra,* functions toward the end of providing an adequate supply of milk, supported by a price which permits the enforcement of regulatory requirements of sanitation in production and distribution, toward which it has not been demonstrated that the proposed bonding law bears any relation. We have nothing to show that the public interest in our milk industry has been prejudiced by misplacement of credit.

■ *Latham* and *Old Tavern, supra,* control the present case and it becomes unnecessary to deal with the "impairment of contract" issue. For the reasons given in *Latham* and *Old Tavern, supra,* and recognized in the Opinion of the Justices, it is held that the 1969 Act is unconstitutional and a permanent injunction against its operation is in order.

So ordered.